No. 15-90031

IN THE

# United States Court of Appeals for the Eleventh Circuit

TERRENCE P. COLLINGSWORTH, ET AL.

*Petitioners,*

v.

DRUMMOND COMPANY, INC.

*Respondent.*

On Certified Order from the
United States District Court
for the Northern District of Alabama

---

**RESPONDENT DRUMMOND COMPANY, INC.'S
OPPOSITION TO CONRAD & SCHERER, LLP'S PETITION FOR
PERMISSION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)**

---

William A. Davis III
H. Thomas Wells III
Benjamin T. Presley
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Floor 7
Birmingham, AL  35259
(205) 868-6000
*Counsel for Drummond Company, Inc.*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Eleventh Circuit Rule 26.1-1, Respondent certifies that, to the best of counsel's knowledge, the following persons have an interest in the outcome of this case:

Badham & Buck, LLC (counsel for Petitioner Terrence P. Collingsworth)

Badham, III, Walker Percy (counsel for Petitioner Terrence P. Collingsworth)

Bonner, Eric D. (counsel for Petitioners Terrence P. Collingsworth and Conrad & Scherer, LLP)

Brown, T. Michael (Special Master, Northern District of Alabama)

Clark, Jr., John W. (counsel for Petitioners Terrence P. Collingsworth and Conrad & Scherer, LLP)

Clark, Hair & Smith, P.C. (counsel for Petitioners Terrence P. Collingsworth and Conrad & Scherer, LLP)

Collingsworth, Terrence P. (Petitioner)

Conrad & Scherer, LLP (Petitioner)

Davis, III, William A. (counsel for Respondent Drummond Company, Inc.)

Drummond Company, Inc. (Respondent)

Ialacci, Brett A. (counsel for Petitioner Terrence P. Collingsworth)

Kropf, Sara E. (counsel for Respondent Drummond Company, Inc.)

Law Office of Sara Kropf PLLC (counsel for Respondent Drummond Company, Inc.)

Miller, Carlyn E. (Assistant to Special Master Michael Brown, Northern District of Alabama)

Paulk, William T. (counsel for Petitioner Conrad & Scherer, LLP)

Presley, Benjamin T. (counsel for Respondent Drummond Company, Inc.)

Proctor, Judge R. David (U.S. District Judge, Northern District of Alabama)

Putnam, Judge T. Michael (U.S. Magistrate Judge, Northern District of Alabama)

Sansbury, Jr., William R. (counsel for Petitioner Conrad & Scherer, LLP)

Scherer, Jr., William R.

Smith, Bradley J. (counsel for Petitioners Terrence P. Collingsworth and Conrad & Scherer, LLP)

Spotswood, Robert K. (counsel for Petitioner Conrad & Scherer, LLP)

Spotswood Sansom & Sansbury, LLC (counsel for Petitioner Conrad & Scherer, LLP)

Starnes Davis Florie LLP (counsel for Respondent Drummond Company, Inc.)

Wells, III, H. Thomas (counsel for Respondent Drummond Company, Inc.)

Pursuant to Federal Rule of Appellate Procedure 26.1, Respondent certifies that Drummond Company, Inc. has no parent company and no publicly held corporation owns 10% or more of its stock.

*s/ H. Thomas Wells, III*
H. Thomas Wells, III
Starnes Davis Florie, LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209
(205) 868-6000

*Counsel for the Respondent*
*Drummond Company, Inc.*

# <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ......................................................................................................C-1

TABLE OF CONTENTS..............................................................................................i

TABLE OF AUTHORITIES....................................................................................... ii

INTRODUCTION .........................................................................................................1

PROCEDURAL HISTORY ............................................................................................2

ARGUMENT AND CITATIONS TO AUTHORITY ..........................................................5

      I.    CONRAD & SCHERER HAS PRESENTED NO "CONTROLLING QUESTION OF LAW," AS DEFINED BY THIS CIRCUIT ..............................5

      II.   THERE ARE NO GROUNDS FOR SUBSTANTIAL DIFFERENCE OF OPINION ON THE ISSUES PRESENTED .......................................................8

           A.   Conrad & Scherer's First Question is a Non-Sequitur .............9

           B.   The District Court Did Not Place the Burden on Conrad & Scherer to Prove Agency ........................................................15

           C.   Conrad & Scherer Has Presented Absolutely No Authority for the Proposition that this Court May Accept § 1292(b) Jurisdiction for the Purpose of Requiring Further Factual Findings ...........................................18

      III. ACCEPTING INTERLOCUTORY REVIEW WILL NOT "MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION".................................................................................................19

CONCLUSION.........................................................................................................20

CERTIFICATE OF SERVICE......................................................................................21

i

# TABLE OF AUTHORITIES

**Case** **Page(s)**

*Carpenter v. Mohawk Indus., Inc.*,
  541 F.3d 1048 (11th Cir. 2008) *aff'd*, 558 U.S. 100 (2009)............................7

*City of Salt Lake City v. Hollister*,
  118 U.S. 256 (1886)................................................................................1, 10

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ........................................................................14

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014)......................................................................................8

*Gutter v. E.I. Dupont De Nemours*,
  124 F. Supp. 2d 1291 (S.D. Fla. 2000)..........................................................11

*In re City of Memphis*,
  293 F.3d 345 (6th Cir. 2002) ..........................................................................7

*In re Grand Jury (G.J. No. 87–03–A)*,
  845 F.2d 896 (11th Cir. 1988) .................................................................... 5-6

*In re Grand Jury Investigation (Schroeder)*,
  842 F.2d 1223 (11th Cir. 1987) .................................................................5, 6

*In re Grand Jury Proceedings*,
  417 F.3d 18 (1st Cir. 2005)............................................................................13

*In re Richard Roe, Inc.*,
  68 F.3d 38 (2d Cir. 1995) ..............................................................................13

*In re Sealed Case*,
  107 F.3d 46 (D.C. Cir. 1997)..........................................................................13

*In re Teleglobe Commc'ns Corp.*,
  493 F.3d 345 (3d Cir. 2007) ..........................................................................13

*McAndrew v. Lockheed Martin Corp.*,
    206 F.3d 1031 (11th Cir. 2000) ....................................................................11

*McCann v. Communications Design Corp.*,
    775 F. Supp. 1506 (D. Conn. 1991) ..............................................................6

*McFarlin v. Conseco Servs., LLC*,
    381 F.3d 1251 (11th Cir. 2004) .......................................................... *passim*

*Mut. Life Ins. Co. of New York v. Hilton-Green*,
    241 U.S. 613 (1916)................................................................................1, 10

*Palazzo v. Gulf Oil Corp.*,
    764 F.2d 1381 (11th Cir. 1985) .....................................................................9

*Rodrigues v. CNP of Sanctuary, LLC*,
    523 F. App'x 628 (11th Cir. 2013)................................................................6

*Simpson v. Carolina Builders Corp.*,
    222 F. App'x 924 (11th Cir. 2007)......................................................... 14-15

*Strang v. Bradner*,
    114 U.S. 555 (1885).......................................................................................1

*Townsend Ford, Inc. v. Auto-Owners Ins. Co.*,
    656 So. 2d 360 (Ala. 1995)..........................................................................11

*Union Cty., Iowa v. Piper Jaffray & Co.*,
    525 F.3d 643 (8th Cir. 2008) .......................................................................14

*United States v. Cleckler*,
    265 F. App'x 850 (11th Cir. 2008)................................................................5

*United States v. Natalie Jewelry*,
    No. 14-CR-60094, 2015 WL 150841 (S.D. Fla. Jan. 13, 2015) *report
    and recommendation adopted sub nom. United States v. Jewelry*, No.
    14-60094-CR, 2015 WL 1181987 (S.D. Fla. Mar. 13, 2015) ........................9

*White v. Nix*,
    43 F.3d 374 (8th Cir. 1994) ............................................................... 6, 19-20

**Statute or Rule**                                                            **Page(s)**

28 U.S.C. § 1292(b) ....................................................................... *passim*

Ala. Code § 10A-8-1.03 ...................................................................11

Ala. Code § 10A-8-3.01(1) ..............................................................11

Ala. Code § 10A-8-3.05(a) ..............................................................11

Fla. Stat. Ann. § 620.8305(1) ..........................................................11

Fla. Stat. Ann. § 620.8102(6) ..........................................................11

Fla. Stat. Ann. § 620.8301(1) ..........................................................11

**Other Authorities**                                                          **Page(s)**

1 W. Fletcher, Cyclopedia of the Law of Corporations § 30 (Supp. 2012–2013).....8

Wright & Miller, Fed. Prac. and Proc. § 2026 (Supp. 1994)..............................2, 19

## INTRODUCTION

Plaintiff Drummond Company, Inc. ("Drummond") hereby responds in opposition to the petition filed by Defendant Conrad & Scherer, LLP ("Conrad & Scherer") requesting permission to file an interlocutory appeal of the District Court's discovery ruling pursuant to 28 U.S.C. § 1292(b). The petition should be denied because the issues presented do not meet the requirements necessary for a § 1292(b) interlocutory appeal. More specifically:

1. Conrad & Scherer has not identified "a pure, controlling question of law" that can be decided "without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). Rather, Conrad & Scherer's petition presents the "antithesis of a proper § 1292(b) appeal" – a challenge to a discretionary ruling by the District Court which turns on "whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.*

2. Conrad & Scherer has not met its burden of demonstrating there is a "substantial ground for difference of opinion" regarding whether the knowledge and intent of an agent of a legal entity (here, a partner of a partnership) is, as a matter of law, the knowledge and intent of the principal. In fact, it is beyond dispute that the criminal and/or fraudulent intent of a legal entity's agents is imputable to the entity, provided that those agents are acting in the line and scope of their employment. *Strang v. Bradner,* 114 U.S. 555, 561 (1885); *City of Salt Lake City v. Hollister*, 118 U.S. 256, 262 (1886); *Mut. Life Ins. Co. of New York v. Hilton-Green*, 241 U.S. 613, 622 (1916) ("The general rule which imputes an agent's knowledge to the principal is well established."). In reality, what Conrad & Scherer is challenging is the District Court's application of the *facts* to this settled law, which is not the proper subject of a § 1292(b) appeal. *See, e.g.,* C&S Petition at 16 (arguing the District Court failed to "address the factual

1

arguments advanced by C&S showing Mr. Collingsworth was not acting within the scope of his employment.").[1]

3.      The resolution of the appeal will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Regardless of the outcome of the appeal, Conrad & Scherer will be defending against the same claims. Furthermore, discovery will not be substantially impacted by interlocutory review of the crime-fraud ruling. As noted by the District Court, "even if there were no allegation in this case that Defendants committed any crime or fraud, many (if not all) of the categories of documents withheld under work product would nevertheless be discoverable" due to the fact that information otherwise protected as work product must be produced where, as here, "'the knowledge, mental impressions, opinions, and advice of a lawyer or law firm are at issue in a litigation to which the lawyer or law firm is a party.'" Doc. 417 (Order) at 6 n.6 (quoting Wright & Miller, Fed. Prac. and Proc. § 2026 (Supp. 1994)).

Drummond respectfully submits that Conrad & Scherer's petition for permissive appeal of the District Court's discretionary discovery order should be denied.

## PROCEDURAL HISTORY

On December 7, 2015, United States District Court Judge R. David Proctor entered a 50 page memorandum opinion and order (the "Order") which held, *inter alia*, that the crime-fraud exception applied to certain categories of information and documents withheld by the Defendants on claims of privilege and work product. Before entering this Order, the District Court reviewed well over 100 of pages of

---

[1] Both Conrad & Scherer and the other defendant, Terrence Collingsworth (a partner at Conrad & Scherer), filed petitions for permissive appeal. Conrad & Scherer's petition will be cited herein as "C&S Petition."

briefing from the parties on the crime-fraud exception. The District Court also held a three-day evidentiary hearing on September 1-3, 2015, during which it considered more than 700 evidentiary exhibits as well as live testimony from several different witnesses.

Contrary to the suggestion by Conrad & Scherer that "[s]hortly after the hearing" the District Court indicated that it "intended to resolve Drummond's effort to invoke the crime-fraud exception," C&S Petition at 5-6, the District Court made clear to the parties *before* the hearing that a primary focus of the September 1-3 hearing would be to hear evidence on the applicability of the crime-fraud exception. Doc. 341 (Aug. 26, 2015 Hrg. Tr.) at 37:23-38:5 ("THE COURT: We're going to start off with you, and you can do this by proffer or evidence, but I'm going to give you a certain amount of time on Tuesday [September 1] to rebut their prima facie showing; explain to me why they haven't presented sufficient information or maybe they have presented incomplete information, and explain to me why based upon their showing if it was believed by a trier of fact that would not implicate the crime-fraud exception here."); Doc. 406 (Aug. 31, 2015 Hrg. Tr.) at 2:10-23 ("THE COURT . . . I have a view or two about what we really need to tackle this week . . . . We definitely need to make a determination about whether the crime-fraud exception applies in this case; and if so, what the scope of it is."), and 9:11-14 ("THE COURT: I think we have to get to crime-fraud before we get to

sanctions, because otherwise we're going to have an incomplete record to make a ruling on a motion for sanctions.").

After the hearing, the District Court requested and received supplemental briefing on the applicability of the crime-fraud exception, Docs. 392, 393, 395, 397, 399, 400, 401, 402, and 405, and after considering it entered its Order.  The District Court found that the Defendants—Conrad & Scherer *and* Mr. Collingsworth—made numerous misrepresentations to Drummond, the District Court, and other courts regarding the scope, nature, and extent of their payments to incarcerated Colombian witnesses.   Order at 8-17.   The District Court made, among others, the following factual findings:

- "[E]very brief filed in this court in each of the Drummond cases was filed by Collingsworth acting as an agent of Conrad & Scherer."  *Id.* at 18.

- "Every statement made by Collingsworth in this court in each of the Drummond cases was made in Collingsworth's capacity as an agent of Conrad & Scherer for the benefit of Collingsworth, as well as his firm."  *Id.*

- "Collingsworth committed the underlying acts while acting in the line and scope of his employment with Conrad & Scherer."  *Id.* at 19 n.15.

- "Collingsworth was acting for the benefit of the firm by prosecuting claims against Drummond which, if successful, would result in a financial benefit to the firm."  *Id.* at 20 n.15.

- "Finally, there is this point:  were it not the case that partnership and agency principles applied to this case, it would be incredulous to believe that no one else at Conrad & Scherer other than Collingsworth knew of the payments made to witnesses in this case.  Payments were

delivered on a monthly basis by the firm, using the firm's money, and through the firm's normal approval process as documented in the firm's business records. (Doc. #405 at 1-4). As of May 23, 2011, at a minimum, Terrence Collingsworth, Bill Scherer, Richard Drath, Billy Scherer, Susana Tellez, Lorraine Leete, Victoria Ryan, Pauline Kroper, and Danielle Kislan had all received written notice that El Tigre and Samario had been paid. (*See* Doc. #402 at 1-4)." *Id.*

The District Court found that several categories of documents were subject to discovery, as a *prima facie* case of criminal or fraudulent conduct had been presented. But the District Court did not order the disclosure of any particular document. Rather, the District Court ordered that the documents be "carefully scrutinized *in camera* by the Special Master to determine whether they are due to be produced to [Drummond] because they were in furtherance of, or are closely related to, the unrebutted first prong of the *Schroeder* test." *Id.* at 45.

## ARGUMENT AND CITATIONS TO AUTHORITY

I.  **CONRAD & SCHERER HAS PRESENTED NO "CONTROLLING QUESTION OF LAW," AS DEFINED BY THIS CIRCUIT.**

At the outset, Conrad & Scherer seeks interlocutory review of the District Court's determination that the crime-fraud exception applies to permit discovery of certain documents and information. This is a matter left to the sound discretion of the District Court which is rarely, if ever, appropriate for § 1292(b) review. *See United States v. Cleckler*, 265 F. App'x 850, 853 n.3 (11th Cir. 2008) ("We review the district court's findings on the applicability of both prongs of the crime-fraud exception for an abuse of discretion.") (citing *In re Grand Jury (G.J. No. 87–03–*

5

*A)*, 845 F.2d 896, 898 (11th Cir. 1988) and *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226-27 (11th Cir. 1987)); *McFarlin*, 381 F.3d at 1258 (recognizing the "distinction between a question of law, which will satisfy § 1292(b), and 'a question of fact or matter for the discretion of the trial court.'") (citation omitted); *Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013) (finding the discretion afforded the district court on the question at issue "counsels against our exercising interlocutory jurisdiction in this case"); *see also White v. Nix*, 43 F.3d 374, 377-78 (8th Cir. 1994) (denying interlocutory review of alleged work product and noting, "The discretionary nature of discovery issues has led at least one court to conclude that discovery orders generally will never involve a controlling question of law.") (citing *McCann v. Communications Design Corp.*, 775 F. Supp. 1506, 1533–34 (D. Conn. 1991)).

Furthermore, in analyzing what constitutes a "controlling question of law" within the meaning of § 1292(b), this Court looked to the examples cited by the Senate Judiciary Committee Report, finding that "they involve[d] potentially dispositive legal questions collateral to the merits that might render unnecessary a lengthy trial." *McFarlin*, 381 F.3d at 1257. The Sixth Circuit has similarly held that "[a] legal issue is controlling if it could materially affect the outcome of the case," and "[a]n allegation of abuse of discretion on an evidentiary ruling does not

6

create a legal issue under § 1292(b)." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002).

"The burden of persuading [this Court] that a question of law meeting the requirements of § 1292(b) clearly is presented is on the petitioning party." *McFarlin*, 381 F.3d at 1264. But Conrad & Scherer has not presented any question of law that will impact the ultimate outcome of this case (or affect any claim, or any element of any claim). Conrad & Scherer merely argues that its proposed questions of law are "controlling" because "C&S's privileges will be improperly infringed upon." C&S Petition at 8-9. This Court has previously held, however, that post-judgment review, rather than interlocutory appeal, is an adequate remedy for erroneous privilege rulings, rejecting any notion that "once the privileged material is turned over, the 'cat is out of the bag' and the damage is done." *Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1053 (11th Cir. 2008) *aff'd*, 558 U.S. 100 (2009). If a district court's privilege ruling is "controlling" simply because it could result in the disclosure of allegedly privileged information, every recipient of an adverse privilege ruling would be entitled to appeal under § 1292(b) claiming, as Conrad & Scherer does here, that their "privileges will be improperly infringed upon."

Interlocutory review pursuant to § 1292(b) should "be used only in exceptional cases where a decision of the appeal may avoid protracted and

7

expensive litigation." *McFarlin*, 381 F.3d at 1256 (quoting the reports of the House and Senate Judiciary Committees). An interlocutory appeal of the issues presented by Conrad & Scherer's petition will not avoid but rather make *more* protracted the litigation between the parties.

## II. THERE ARE NO GROUNDS FOR SUBSTANTIAL DIFFERENCE OF OPINION ON THE ISSUES PRESENTED.

Conrad & Scherer presents three questions on which they contend there are substantial grounds for difference of opinion. The first is whether agency principles apply in the crime-fraud context, and the next two deal with what procedure governs if agency principles do apply. Before turning to each of these questions, it must be made clear what the agency issue really is in this case.

The two defendants are Conrad & Scherer, a law firm, and one of its partners, Terrence Collingsworth, who the District Court found was at all times acting within the line and scope of his employment. Conrad & Scherer pretends as if it, a fictional legal entity, has its own voice, its own actions, and its own intent, completely divorced from that of its agents while acting within the scope of their agency. It does not. The analysis of whether Conrad & Scherer engaged in conduct amounting to a crime or fraud can only be undertaken by looking to the conduct of its agents. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 759 n.13 (2014) (citing 1 W. Fletcher, Cyclopedia of the Law of Corporations § 30, p. 30 (Supp. 2012–2013)) ("A corporation is a distinct legal entity that can act only through its

8

agents."); *United States v. Natalie Jewelry*, No. 14-CR-60094, 2015 WL 150841, at *4 (S.D. Fla. Jan. 13, 2015) *report and recommendation adopted sub nom. United States v. Jewelry*, No. 14-60094-CR, 2015 WL 1181987 (S.D. Fla. Mar. 13, 2015) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)) ("It is well settled that corporations, partnerships, and limited liability companies are artificial legal entities that can act only through agents").

Therefore, Conrad & Scherer's arguments concerning what it "intended," "approved," or "condoned" must be viewed through this lens.

### A. Conrad & Scherer's First Question is a Non-Sequitur.

The first, and primary, question presented by Conrad & Scherer is: "Can agency principles be used to impute application of the crime-fraud exception to an agent's principal where the principal has separately held privileges and there is no finding that the exception applies directly to the principal?" C&S Petition at 10. But the District Court *did* find that the crime-fraud exception applied directly to Conrad & Scherer. The District Court held that not only was Mr. Collingsworth acting within the line and scope of his agency when he committed all of the allegedly criminal or fraudulent conduct, but the evidence established that others at Conrad & Scherer were aware of it as well. *See* pages 4-5, *supra*. In fact, the witness payments "were delivered on a monthly basis by the firm, using the firm's

money, and through the firm's normal approval process as documented in the firm's business records. (Doc. #405 at 1-4)." Order at 20 n.15.

Conrad & Scherer's first question, more appropriately framed, is simply whether the criminal or fraudulent conduct of a partner can be imputed to the partnership. The answer is unequivocally "yes," and there is absolutely no ground for substantial difference of opinion on it.

For well over a century, the United States Supreme Court has held that the criminal and/or fraudulent intent of a legal entity's agents is imputable to the entity, provided that those agents are acting in the line and scope of their employment:

> It is too late to discuss the question, once much debated, whether a corporation can commit a trespass, or is liable in an action on the case, or subject generally to actions for torts as individuals are. The books of reports for a quarter of a century show that a very large proportion of actions of this nature, both for non-feasance and for misfeasance, are against corporations; and, by the great weight of modern authority, a corporation may be liable, even where a fraudulent or malicious intent is necessary to be proved, the fraud or malice of its authorized agents being imputable to the corporation; as in actions for fraudulent representations, for libel, or for malicious prosecution.

*City of Salt Lake City v. Hollister*, 118 U.S. at 262 (citation omitted); *see also Mut. Life Ins. Co. of New York v. Hilton-Green*, 241 U.S. at 622 ("The general rule which imputes an agent's knowledge to the principal is well established."). Indeed, "the original purpose of the corporate entity fiction was to *expand* rather than shrink corporate responsibility by making a corporation answer for the

negligent acts of its agents…. The fiction was never intended to prohibit the imposition of criminal liability by allowing a corporation or its agents to hide behind the identity of the other." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1039 (11th Cir. 2000) (citations omitted).

Thus, "[i]nasmuch as [a corporation]'s [employees] were acting as agents on behalf of the corporation and its business operations, their intent is the intent of the corporation." *Townsend Ford, Inc. v. Auto-Owners Ins. Co.*, 656 So. 2d 360, 363 (Ala. 1995); *Gutter v. E.I. Dupont De Nemours*, 124 F. Supp. 2d 1291, 1312 (S.D. Fla. 2000) (imputing intent of the corporate party's agents to the party for purposes of the crime-fraud exception).  Florida and Alabama statutory law are consistent with these basic legal principles, and provide that a partnership is deemed to share the knowledge acquired – as well as liability for the acts committed – by partners acting within the line and scope of their duties.[2]

The District Court found, after reviewing the extensive evidentiary record, that "Collingsworth was acting for the benefit of the firm by prosecuting claims

---

[2] Conrad & Scherer is a Florida partnership, but the analysis is the same whether Florida or Alabama law applies. *See* Fla. Stat. Ann. § 620.8301(1) ("Each partner is an agent of the partnership for the purpose of its business."); Ala. Code § 10A-8-3.01(1) (same); Fla. Stat. Ann. § 620.8305(1) (partnership liable for the misconduct of its partners acting in the ordinary course of business); Ala. Code § 10A-8-3.05(a) (same); Fla. Stat. Ann. § 620.8102(6) (knowledge of a partner is "effective immediately" as knowledge of the partnership); Ala. Code § 10A-8-1.03 (same).

against Drummond which, if successful, would result in a financial benefit to the firm. (Doc. #390 at 423-25)." Order at 20 n.15. Furthermore, the numerous false representations made in the defamation case were included in court filings submitted by *both* defendants (Collingsworth *and* Conrad & Scherer). *Id.* at 10-17. Interrogatories containing false sworn responses "were signed by Collingsworth 'individually, and on behalf of Conrad & Scherer LLP Defendants.' (Doc. 280, ¶301)." *Id.* at 14. Even going beyond imputing Collingsworth's conduct to Conrad & Scherer, the District Court found that other partners and employees of Conrad & Scherer (including its Managing Partner, Bill Scherer) knew about the witness payments that were the subject of the false representations to the court. *Id.* at 20 n.15.

Therefore, Conrad & Scherer's attempt to couch the District Court's holding in terms of applying the crime-fraud exception against an "innocent" privilege-holder is a complete mischaracterization of the District Court's ruling. Indeed, the District Court made this point clear in its Order: "[B]ecause the court has already held that Collingsworth acted at all relevant times on behalf of the law firm, this is not a case where crime-fraud liability was 'blindly imputed to an innocent joint privilege-holder.'" *Id.* at 32 n.23. Conrad & Scherer's burden in seeking interlocutory review is to identify a "substantial dispute about the correctness of any of the pure law premises *the district court actually applied* in its reasoning

12

leading to the order sought to be appealed." *McFarlin*, 381 F.3d at 1259 (emphasis added).  This burden is not met by inventing a ruling that was never made by the District Court.

Conrad & Scherer cites exactly zero cases standing for the proposition that agency principles do not apply when determining whether a *prima facie* case of criminal or fraudulent conduct has been made as against a fictitious legal entity.  *In re Richard Roe, Inc.*, 68 F.3d 38 (2d Cir. 1995) involved two separate corporations; there were no issues of agency discussed in the opinion.  *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345 (3d Cir. 2007) dealt with a corporation and a subsidiary who were co-clients.  Again, there was no issue in the case of a principal being responsible for the criminal or fraudulent acts of its agent.  Similarly, *In re Grand Jury Proceedings*, 417 F.3d 18 (1st Cir. 2005) involved co-clients where no issue of agency was discussed.

In fact, the only Circuit Court of Appeal case cited by Conrad & Scherer that even mentions agency principles recognizes that they *do* apply in the crime-fraud context.  *In re Sealed Case*, 107 F.3d 46, 50-51 (D.C. Cir. 1997) ("There are circumstances under which corporations are responsible for the crimes of their agents.").  The court in that case simply found that there was no evidence to support imputation of criminal responsibility to the corporation because "from the material before the district court, there was no way of knowing or even guessing

13

whether the vice president was on a frolic of his own, against the advice of Company counsel." *Id.* at 50.

The lack of any authority supporting the proposition that agency principles do not apply in the crime-fraud context is fatal to Conrad & Scherer's request for interlocutory review. *McFarlin*, 381 F.3d at 1263 ("Because they have presented no authority in support of this premise, which is necessary to their position on the question they proffer as controlling, the defendants have failed to carry their burden of establishing that as to this question 'there is substantial ground for difference of opinion.'"); *Couch v. Telescope Inc.*, 611 F.3d 629, 633-34 (9th Cir. 2010) (finding no substantial ground for difference of opinion where, "[s]ignificantly, defendants have not provided a single case that conflicts with the district court's construction or application of California Penal Code § 319"); *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 647 (8th Cir. 2008) (denying interlocutory review of a privilege ruling where petitioner offered no conflicting authority on the issue presented, and holding "'a dearth of cases' does not constitute 'substantial ground for difference of opinion.'").

In reality, Conrad & Scherer's complaint is not with the well-settled legal principle that an agent's actions, knowledge, and intent are imputable to his principal when committed or acquired in the line and scope of his agency. Rather, "it is the application of this law to the facts that is disputed here." *Simpson v.*

*Carolina Builders Corp.*, 222 F. App'x 924, 925 (11th Cir. 2007) (denying interlocutory review). Conrad & Scherer argues the evidence was insufficient to establish that it "intended to undertake or participate" in the conduct at issue, or that it "approved, condoned, or authorized the agent's conduct." C&S Petition at 2. The firm contends that it "presented unrebutted testimony" on these issues, *id.*, but the District Court erred in finding to the contrary. *See also id.* at 13 ("C&S . . . has not benefitted from Mr. Collingsworth's actions"), at 14 ("Far from ratifying Mr. Collingsworth's actions, C&S has incurred an enormous amount of expense to correct them"), at 16 ("The District Court did not, however, address the factual arguments advanced by C&S showing Mr. Collingsworth was not acting within the scope of his employment.").

In other words, Conrad & Scherer is arguing that the District Court erroneously found from the evidence that Mr. Collingsworth *was* acting within the line and scope of his agency at all relevant times. But that is precisely the type of factual determination this Court holds is not properly reviewable under § 1292(b). *McFarlin*, 381 F.3d at 1262 ("These defendants simply want us to review the district court's take on the facts that reasonably could be inferred from the evidence. That is not the purpose of § 1292(b) appeals.").

### B. The District Court Did Not Place the Burden on Conrad & Scherer to Prove Agency.

Conrad & Scherer's second question (who bears the burden of proving

15

agency) also involves no ground for difference of opinion.  This question also presupposes a ruling that the District Court did not make (*i.e.*, that Conrad & Scherer was shouldered with the burden of proof).  Nowhere in the District Court's Order is it said that Conrad & Scherer bore the burden of disproving Mr. Collingsworth's agency relationship.  Indeed, Mr. Collingsworth's agency was undisputed before the District Court.

It was undisputed that Conrad & Scherer delegated entirely to Collingsworth the responsibility to prosecute their claims in *Balcero*, Doc. 390 (Sept. 1-3 Hrg. Tr.) at 423:17-424:21, which, if successful, would result in a tremendous financial reward for not just Collingsworth, but every partner in Conrad & Scherer.  *Id.* at 423:1-16, 425:3-6.  And it was in *Balcero* that Collingsworth and Conrad & Scherer paid witnesses, presented perjured testimony to the court, lied in discovery responses, and fraudulently concealed the payments to witnesses.

It was also undisputed that Conrad & Scherer delegated to Collingsworth the responsibility for handling the defamation case, Doc. 348-9 (B. Scherer Dep.) at 62:21-63:2, including responding to discovery requests and gathering documents, *id.* at 132:11-17.  It was in this defamation case that the defendants continued to make categorically false representations regarding the scope, nature and extent of their payments to witnesses on dozens of occasions.  Doc. 243 at ¶¶ 75-458.  Moreover, all of the pleadings in this case containing the misrepresentations

16

regarding witness payments were filed on behalf of *both* Conrad & Scherer and Collingsworth.  Doc. 389 (Sept. 1-3 Hrg. Tr.) at 199:23-200:1 ("**Q** Now, again, this brief, like everything else in this case, every other filing has been filed on behalf of both defendants, correct, yourself and Conrad & Scherer? **A [Mr. Collingsworth]** It appears to be so, yes."); Doc. 348-9 (B. Scherer Dep.) at 102:2-7.  And all of the false discovery responses were signed by Mr. Collingsworth on behalf of both himself and Conrad & Scherer, consistent with the duties the firm delegated to him.  Doc. 282 at ¶ 77.

The District Court therefore correctly held that "Collingsworth committed the underlying acts while acting in the line and scope of his employment with Conrad & Scherer."  *Id.* at 19 n.15.  The District Court's statement that "Conrad & Scherer has done nothing to separate itself from responsibility for Collingsworth's actions as an agent," *id.* at n.20, was in reference to the fact that in light of the above evidence, Conrad & Scherer did not (and could not) establish that Collingsworth was acting *ultra vires*, which is the only way for a principal to avoid responsibility for its agent's actions.

"The burden of persuading [this Court] that a question of law meeting the requirements of § 1292(b) *clearly* is presented is on the petitioning party," *McFarlin*, 381 F.3d at 1264 (emphasis added), and nowhere in the District Court's Order does it hold that Conrad & Scherer bore the burden of proof on the agency

17

issue. "Review under § 1292(b) does not exist for the purpose of resolving ambiguities in district court rulings." *Id.*

### C.  Conrad & Scherer Has Presented Absolutely No Authority for the Proposition that this Court May Accept § 1292(b) Jurisdiction for the Purpose of Requiring Further Factual Findings.

Conrad & Scherer's final question is completely at odds with the purposes of § 1292(b) review. Conrad & Scherer contends the District Court's factual finding that Mr. Collingsworth was acting in the line and scope of his employment was "in general terms" and "conclusory," and requests this Court to require further factual findings. C&S Petition at 15-16. But "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *McFarlin*, 381 F.3d at 1259. "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Id.*

There is no way for this Court to determine whether the District Court's factual findings were too "conclusory" without digging deeply into the record to analyze the evidence supporting those findings. For Conrad & Scherer to ask this Court to do so is antithetical to the purposes of § 1292(b), and it should be rejected.

18

**III.    ACCEPTING INTERLOCUTORY REVIEW WILL NOT "MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION."**

Finally, the resolution of the issues presented in Conrad & Scherer's petition would not "substantially reduce the amount of litigation necessary on remand," which is an independent requirement for a proper § 1292(b) appeal. *McFarlin*, 381 F.3d at 1264. The issue involves discovery. If this appeal were accepted, regardless of its outcome the exact same claims will remain for trial. *See McFarlin*, 381 F.3d at 1262 (finding interlocutory review would not "materially advance the ultimate termination of the litigation" even where it might dispose of one claim, "but it would leave the others standing").

Moreover, interlocutory review of the District Court's crime-fraud ruling will not dramatically alter discovery. The District Court held that "even if there were no allegation in this case that Defendants committed any crime or fraud, many (if not all) of the categories of documents withheld under work product would nevertheless be discoverable." Order at 6 n.6. This is because this is a case where "'the knowledge, mental impressions, opinions, and advice of a lawyer or law firm are at issue in a litigation to which the lawyer or law firm is a party.'" *Id.* (quoting Wright & Miller, Fed. Prac. and Proc. § 2026 (Supp. 1994)). Drummond will be seeking, and the parties will be litigating, the same discovery regardless of whether the crime-fraud exception applies. *See White*, 43 F.3d at 378-79 ("Whether or not White obtains the files, he will press his § 1983 claims. White

19

may take advantage of numerous alternative methods of discovery irrespective of the decision of the district court as to whether the documents must be produced, and he has alternative means of proving the necessary facts. When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.").

## CONCLUSION

Conrad & Scherer has not carried its burden of clearly identifying any "pure, controlling question of law" for which there are substantial grounds for difference of opinion.  Nor will accepting this appeal substantially decrease the amount of litigation on remand.  As such, the District Court's Order is not the proper subject of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,

*s/ H. Thomas Wells, III*
William A. Davis, III
H. Thomas Wells, III
Benjamin T. Presley
STARNES DAVIS FLORIE LLP
P.O. Box 59812
Birmingham, AL 35259
(205) 868-6000
Fax:  (205) 868-6099

*Counsel for the Respondent*
*Drummond Company, Inc.*

20

## CERTIFICATE OF SERVICE

I hereby certify that on **December 30, 2015**, Respondent's Opposition to Petitioner Conrad & Scherer's Petition for Permission for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) was served on the following counsel of record utilizing the Court's ECF system pursuant to 11th Cir. R. 25-3:

Robert K. Spotswood
William T. Paulk
Spotswood Sansom & Sansbury LLC
1819 5th Ave. North, Suite 1050
Birmingham, AL 35203
Phone:  (205) 986-3620
Fax:  (205) 986-3639

W. Percy Badham, III
Brett Ialacci
Badham & Buck, LLC
2001 Park Place North, Suite 500
Birmingham, AL 35203
Phone:  (205) 521-0036
Fax:  (205) 521-0037

*s/ H. Thomas Wells, III*
H. Thomas Wells, III
Starnes Davis Florie, LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209
(205) 868-6000

*Counsel for the Respondent*
*Drummond Company, Inc.*

21